Filed 11/10/25  Rhyne v. Does 1 through 100 CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHARLIE RHYNE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DOES 1 THROUGH 100, INCLUSIVE et al.,<br><br>Defendants and Respondents. | B344861<br><br>(Los Angeles County Super. Ct. No. 23BBCV00009) |

APPEAL from an order of the Superior Court of Los Angeles County, Sarah J. Heidel, Judge.  Appeal dismissed.

Bay Cities Law Group and Steven Zelig for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Code of Civil Procedure[1] section 340.1, which governs civil actions arising from childhood sexual assault, requires under certain circumstances that a defendant be designated as a "Doe" in the pleadings "until there has been a showing of corroborative fact as to the charging allegations against that defendant." (§ 340.1, former subd. (*l*).)[2]

In this case, the trial court denied plaintiff Charlie Rhyne's request to substitute defendant Doe 2's true name into the complaint. The court found plaintiff's counsel's "certificate of corroborative fact" deficient because the sole corroboration came from plaintiff herself. Plaintiff appealed, contending section 340.1 allows a plaintiff to corroborate her own complaint.

We conclude the trial court's denial of plaintiff's request to use Doe 2's true name in the complaint is not an appealable order. Plaintiff identifies no statutory basis for the appeal. Rather, she argues the trial court's ruling constitutes a "dismissal per se" because she claims she cannot serve Doe 2 until Doe 2 is actually named in the complaint. Section 340.1, however, does not preclude service on a Doe defendant—indeed, the statute contemplates that in some cases the defendant's actual name will not be substituted in until after the defendant has appeared in the action. The trial court's denial of plaintiff's request to use Doe 2's actual name in the complaint therefore does not prevent the action from proceeding.

---

[1] Undesignated statutory citations are to the Code of Civil Procedure.

[2] As we explain *post*, a former version of section 340.1 is applicable to plaintiff's case.

Accordingly, we dismiss the appeal.[3]

## BACKGROUND

On January 3, 2023, plaintiff filed a complaint alleging a school employee sexually molested her on multiple occasions in 1968 and 1969, when plaintiff was seven and eight years old. She named as defendants the school, the school district, and the alleged perpetrator. Pursuant to section 340.1, the complaint identified the school and school district as Does 1 and 2, respectively. Pursuant to sections 340.1 and 474, the complaint identified the perpetrator as Doe 3. The complaint also listed unidentified defendants Does 4–100 pursuant to section 474.

On February 24, 2023, plaintiff's counsel and a mental health practitioner filed certificates of merit as required by section 340.1.

At a case management conference on May 31, 2023, plaintiff's counsel stated he had yet to serve the summons and complaint. The trial court ordered him to do so.

On November 3, 2023, Doe 2, the school district, moved to quash service of summons. Doe 2 argued plaintiff could not include Doe 2 as a defendant unless plaintiff either used Doe 2's actual name in the complaint, or plaintiff satisfied the

---

[3] On October 21, 2025, plaintiff filed a "Motion for Immediate Disposition Without Oral Argument, Or If The Court Has Questions, An Early Hearing Pursuant to Rule 8.240 of the California Rules of Court" (some capitalization omitted). In her motion, plaintiff requests we decide this appeal without oral argument. Because respondents have not made an appearance in this appeal, we address the appeal without argument and pursuant to an early submission order. Plaintiff's motion is thus moot.

requirements for serving fictitiously named defendants under section 474.  Doe 2 contended plaintiff could not, however, use Doe 2's actual name because plaintiff had not filed a certificate of corroborative fact, nor had plaintiff complied with section 474, because she had not alleged in the complaint that she was ignorant of Doe 2's name.  Doe 2 further contended plaintiff did not provide sufficient certificates of merit.

Plaintiff did not oppose the motion to quash.  At the hearing on the motion, held on December 8, 2023, plaintiff's counsel indicated he had withdrawn service due to a technical defect and assumed Doe 2 therefore would withdraw its motion. Doe 2's counsel stated Doe 2 did not intend to withdraw its motion.  Plaintiff's counsel stated, "I don't mind if the motion to quash is granted because I have withdrawn service."  The court stated, "I will grant the motion, apparently [plaintiff's counsel] is going to serve it again and then [Doe 2] can move to quash again or whatever [its] response should be."

The trial court then issued a written order granting the motion to quash.  It found, "Plaintiff has not complied with the code to properly name [Doe 2] as a defendant . . . in this action, either pursuant to [section] 340.1 or [section] 474."  The court further found plaintiff's certificates of merit did not comply with section 340.1.  Plaintiff did not appeal that ruling.[4]

On October 21, 2024, plaintiff's counsel filed an "attorney certificate of corroborative facts."  (Capitalization omitted.)  In the certificate, plaintiff's counsel states he had interviewed plaintiff, who "appears to be the only witness to the specific

_____

[4]  Orders granting motions to quash are appealable under section 904.1, subdivision (a)(3).

4

sexual assault per se," and summarized the information she had provided to him regarding the molestation.

On that same date, plaintiff filed a motion seeking permission, based on the certificate of corroborative facts, to list Doe 2's actual name in the complaint and serve Doe 2.

In a tentative ruling dated November 20, 2024, the court stood by the finding it made when it granted the earlier motion to quash, that is, that plaintiff's certificates of merit were insufficient to allow service on Doe 2. It further found the certificate of corroborative fact was insufficient because it "relies only [on] the plaintiff's allegations and information provided by plaintiff. Corroboration means to provide evidence that would support a contention. Merely reiterating the allegations in the complaint is not corroboration. Indeed, if the Certificate of Corroborative Fact could be satisfied by statements and information provided by the plaintiff there would be no point to the requirement." The court then denied plaintiff's request to name Doe 2 in the complaint.

After issuing its tentative ruling, the trial court heard argument on November 22, 2024 and took the matter under submission. On November 27, 2024, plaintiff filed a supplemental brief arguing she had submitted adequate certificates of merit, copies of which she attached to her brief. As for the certificate of corroborative fact, plaintiff argued section 340.1 does not require independent corroboration apart from plaintiff herself.

The trial court issued its ruling on December 13, 2024. In a section of the ruling entitled "Motion to Name Doe 2," the court reiterated its conclusion from its tentative ruling that plaintiff could not herself corroborate the allegations in the complaint for

5

purposes of section 340.1: "It would make little sense to permit the plaintiff to act as the corroborating witness since any plaintiff could satisfy the corroborative fact requirement by reiterating their own allegations in the complaint."

In a section of the ruling entitled "Motion to Serve Doe 2," the court departed from its tentative ruling on the question of the certificates of merit, now finding those certificates complied with section 340.1. It stated, however, "[P]laintiff still has not addressed the basis for the court's December 8, 2023 order to quash under [section] 474. Accordingly, the court denies the motion to serve Doe 2."

Plaintiff filed a notice of appeal from the December 13, 2024 order. Plaintiff also challenged the order by petition for writ of mandate, which we summarily denied on April 2, 2025.

## DISCUSSION

### A.    Applicable Law

Section 340.1 sets forth procedural requirements for civil actions arising from childhood sexual assault. In this opinion, we cite the version of the statute in effect when plaintiff filed her complaint. (See Stats. 2022, ch. 444, § 1.)[5]

At issue here are special requirements applicable to complaints filed by "plaintiff[s] 40 years of age or older at the

---

[5] The current statute eliminates the statute of limitations for claims arising from childhood sexual assault. (§ 340.1, subd. (a)). It applies only to claims arising from sexual assaults occurring on and after January 1, 2024. (*Id.*, subd. (p)). The procedural requirements at issue in this appeal are materially identical in both the current statute and the prior version applicable to plaintiff's complaint.

6

time the action is filed," as plaintiff is in this case. (§ 340.1, former subd. (f).) These requirements are "procedural safeguards designed to protect against meritless childhood sexual abuse claims" brought by plaintiffs above a specified age. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2846 (1993–1994 Reg. Sess.), as amended June 14, 1994, p. 7.)[6]

Before a plaintiff aged 40 or older may serve a defendant with a complaint alleging childhood sexual assault, plaintiff's counsel and a mental health practitioner must execute "[c]ertificates of merit." (§ 340.1, former subd. (g).) Counsel must declare that, based on counsel's review of the facts and consultation with at least one mental health practitioner, "there is reasonable and meritorious cause for the filing of the action." (*Id.*, former subd. (g)(1).) The mental health practitioner must declare, inter alia, that "there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse." (*Id.*, former subd. (g)(2).) Both declarations must "set[ ] forth the facts which support the declaration." (*Id.*, former subd. (g).) The plaintiff may not serve a defendant "until the court has reviewed the certificates of merit . . . and has found, in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action against that defendant." (*Id.*, former subd. (i).)

In addition to the above subdivisions concerning service on a defendant, section 340.1 has subdivisions concerning how that

---

[6] The procedural requirements at issue in this case largely mirror those first enacted by Assembly Bill No. 2846 (Stats. 1994, ch. 288, § 1). As first enacted, the requirements applied to plaintiffs aged 26 and older. In 2019, the Legislature raised the age to 40 years and older. (Stats. 2019, ch. 861, § 1.)

7

defendant is to be identified in the complaint.  Section 340.1, former subdivision (*l*) provides,  "In any action subject to [former] subdivision (f)"—that is, any action filed by a plaintiff aged 40 or older—"a defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant."  (§ 340.1, former subd. (*l*).)

If a plaintiff wishes "to amend the complaint to substitute the name of the defendant or defendants for the fictitious designation," plaintiff's counsel must execute "a certificate of corroborative fact."  (§ 340.1, former subd. (m)(1).)  "The certificate shall declare that the attorney has discovered one or more facts corroborative of one or more of the charging allegations against a defendant or defendants, and shall set forth in clear and concise terms the nature and substance of the corroborative fact.  If the corroborative fact is evidenced by the statement of a witness or the contents of a document, the certificate shall declare that the attorney has personal knowledge of the statement of the witness or of the contents of the document, and the identity and location of the witness or document shall be included in the certificate."  (*Ibid.*)  "The court shall review the application and the certificate of corroborative fact in camera and, based solely on the certificate and any reasonable inferences to be drawn from the certificate, shall, if one or more facts corroborative of one or more of the charging allegations against a defendant has been shown, order that the complaint may be amended to substitute the name of the defendant or defendants."  (*Id.*, former subd. (n).)

**B.     The Trial Court's Order Denying Plaintiff's Request To Name Doe 2 in the Complaint Is Not An Appealable Order**

On appeal, plaintiff argues the trial court erred in rejecting her counsel's certificate of corroborative fact for lack of corroboration by someone other than plaintiff.  Plaintiff contends pursuant to the language of section 340.1, plaintiff may herself provide the corroboration required under section 340.1, former subdivision (m)(1).

We cannot reach plaintiff's arguments because the trial court's ruling is not an appealable order.  There is no final judgment in this case.  An order denying permission to substitute a defendant's name for the Doe designation under section 340.1 is not listed among the appealable orders under section 904.1, nor does plaintiff identify any other statute rendering the order appealable.  (*Arzate v. ACE American Ins. Co.* (2025) 108 Cal.App.5th 1191, 1197 [" 'the right of appeal is wholly statutory in origin' "].)

Plaintiff argues the trial court's order is appealable because it "effectively constitutes a dismissal per se, or a 'death knell' relative to subsequent proceedings."  Plaintiff contends substituting Doe 2's name into the complaint is a prerequisite to serving Doe 2.  Because the trial court rejected plaintiff's certificate of corroborative fact and denied her request to name Doe 2 in the complaint, "the case is doomed as service will not be able to be effectuated on [Doe 2]."

Plaintiff's premise is incorrect.  The statute does not preclude her from serving a Doe defendant absent a certificate of corroborative fact.  Instead, that certificate is a prerequisite to substituting the true name of a Doe defendant in the complaint.

9

Nothing in section 340.1 indicates a plaintiff may not serve a defendant designated as Doe under that statute. The statutory prerequisite for service in cases involving plaintiffs over the age of 40 is the trial court's approval of certificates of merit. (See § 340.1, former subd. (i) ["a defendant shall not be served . . . until the court has reviewed the certificates of merit . . . and has found . . . that there is reasonable and meritorious cause for the filing of the action against that defendant"].) The trial court in the instant case approved plaintiff's certificates of merit, and therefore plaintiff satisfied section 340.1's requirements for service on Doe 2. The trial court's rejection of plaintiff's certificate of corroborative fact affected whether she could substitute Doe 2's true name in the complaint but not whether she could serve Doe 2.

Other language in section 340.1 supports our conclusion that a plaintiff may serve a defendant under the statute even if the court has yet to grant permission to substitute the defendant's true name for the Doe designation. Former subdivision (m)(3) of the statute provides, "If the application to name a defendant is made *after that defendant's appearance in the action*, the application shall be served on all parties and proof of service provided to the court, but the certificate of corroborative fact by the attorney shall not be served on any party or their counsel of record."[7] (§ 340.1, former subd. (m)(3), italics added.) This language contemplates that "an application to name a defendant"—that is, a request "for permission to amend the complaint to substitute the name of the defendant . . .

---

[7] The current version of section 340.1 contains a similar provision. (See § 340.1, subd.(*l*)(3).)

for the fictitious designation" (*id.*, former subd. (m))—can be filed after the defendant has been served and appeared in the action.

We further observe the trial court here did not deny plaintiff's request *to serve* Doe 2 *because of* the purported insufficient certificate of corroborative fact. The court divided plaintiff's requests into two parts—a motion to name Doe 2, and a motion to serve Doe 2. The trial court rejected the certificate of corroborative fact in the context of the motion to name Doe 2. It separately concluded although plaintiff's certificates of merit were sufficient, plaintiff had failed to address the trial court's earlier finding that she had not complied with section 474, and denied the motion to serve Doe 2 on that basis.

Section 474 governs the use of fictitious names when a plaintiff "is ignorant of the name of a defendant." (§ 474.)[8] It is not clear from the record why the trial court found section 474 applicable here, where plaintiff designated Doe 2 fictitiously *not* because she was ignorant of Doe 2's true identity, but instead, pursuant to the requirements of section 340.1, former subdivision (*l*). In the section of her appellate brief summarizing

_____

[8] Under section 474, the plaintiff must state in the complaint the fact that plaintiff is ignorant of the defendant's name, "and when [the defendant's] true name is discovered, the pleading or proceeding must be amended accordingly." (§ 474.) Further, "no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceedings) as (or on behalf of) the person sued under the fictitious name of (designating it).' " (*Ibid.*)

11

the procedural history of the case, plaintiff observes any allegation she did not know Doe 2's identity would have been false. Plaintiff, however, did not address section 474 below and mentions it only tangentially on appeal in summarizing the case's procedural history. We thus would not reach the matter even if arguendo denial of permission to serve Doe 2 were appealable.

In sum, plaintiff has not demonstrated the trial court's denial of plaintiff's request to use Doe 2's actual name is the death knell plaintiff posits, and plaintiff's argument that the denial is appealable as a per se dismissal fails.

## DISPOSITION

The appeal is dismissed. No costs are awarded.
<u>NOT TO BE PUBLISHED.</u>


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.

12